**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin Luna GONZALES,**
**Defendant–Appellant.**

**No. 01–10620.**

**D.C. No. CR–00–601–TUC–JMR.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Nov. 22, 2002.

Before BALDOCK,* KLEINFELD,
and RAWLINSON, Circuit Judges.

MEMORANDUM**

A jury convicted Defendant Martin
Luna Gonzales of attempted illegal reentry
into the United States without proper au-
thorization after previously being deport-
ed, in violation of 8 U.S.C. §§ 1326(a) &
1326(b)(2), and falsely representing United
States citizenship in violation of 18 U.S.C.

---

* Honorable Bobby R. Baldock, Circuit Judge
  for the United States Court of Appeals for the
  Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publi-
  cation and may not be cited to or by the
  courts of this circuit except as may be provid-
  ed by Ninth Circuit Rule 36–3.

§ 911. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We affirm.

■ First, Gonzales argues that because his prior convictions subject him to a sentence beyond the statutory maximum under § 1326(a), the convictions must be alleged in the indictment and submitted to the jury under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Gonzales' argument is foreclosed by *United States v. Arellano–Rivera*, 244 F.3d 1119, 1127 (9th Cir.2001) (finding district court properly enhances a defendant's sentence on the basis of prior aggravated felonies "even though [the defendant] did not admit to having committed them, and even though the government neither alleged them in the indictment nor proved them at trial beyond a reasonable doubt.") (citations omitted).

■ Second, Gonzales argues that because the indictment alleged he "entered, attempted to enter, and was found in the United States" (emphasis added), the Government's failure of proof on one element entitled him to a judgment of acquittal. The Government may charge in the conjunctive but prove in the disjunctive where the statute is disjunctive. *See United States v. Bettencourt*, 614 F.2d 214, 219 (9th Cir.1980). Title 8 U.S.C. § 1326(a) is disjunctive: a defendant commits a crime if he "enters, attempts to enter, *or* is at any time found in, the United States . . ." (emphasis added). The district court did not err by submitting the attempted reentry charge to the jury. Nor did the district court err by refusing to instruct the jury that an alien has not entered the country where he was under official restraint at all times. Gonzales' offered instruction was irrelevant to the only issue

before the jury-whether Gonzales attempted to enter the country. Gonzales is not entitled to an irrelevant instruction. *See United States v. Foppe*, 993 F.2d 1444, 1452 (9th Cir.1993) (defendant not entitled to an instruction on photo spreads and lineups where Government did not present such evidence).[1]

■ Third, Gonzales argues the district court should have dismissed the indictment for failure to allege specific intent. None of Gonzales' pre-trial motions raised this argument, thus we review this claim for plain error. *United States v. Velasco–Medina*, 305 F.3d 839, 846 (9th Cir.2002). We find no plain error because Gonzales concedes he suffered no prejudice. *See id.* at 846 (indictment's reference to § 1326(a) notifies defendant specific intent is a necessary element and no prejudice suffered where counsel admitted he knew indictment required specific intent).

■ Fourth, Gonzales argues the Government sought a superceding indictment adding charges in retaliation for Gonzales' decision to exercise his right to trial. The prosecutor added the charges in the pre-trial stage, while plea negotiations were ongoing. The prosecutor explained that because her office handles an extraordinary number of § 1326 cases, the office has developed a "fast track" system for reentry cases. In these cases, which rarely proceed to trial, the Government initially charges the defendant only with violating § 1326. If the case does go to trial, however, the prosecutor then takes a closer look at the case file to determine whether additional charges are warranted. In this case, Gonzales' counsel informed the Government Gonzales was going to plead

---

1. The district court also correctly instructed the jury on intent. *United States v. Gracidas–Ulibarry*, 231 F.3d 1188, 1196 (9th Cir.2000) (en banc) (listing intent element as "the purpose, i.e., *conscious desire*, to reenter the United States without the express consent of the Attorney General") (emphasis added).

guilty. Thus, the Government did not thoroughly review the file until after Gonzales made it clear he was going to trial. The prosecutor then sought additional charges after scrutinizing the file more closely. The district court did not err by refusing to dismiss the indictment for vindictive prosecution under these circumstances. *See United States v. Gastelum–Almeida,* 298 F.3d 1167, 1172–73 (9th Cir. 2002) (no vindictive prosecution where prosecutor told defense counsel he would add a carjacking count if the defendant would not agree to plea offer); *United States v. Hernandez–Herrera,* 273 F.3d 1213, 1217 (9th Cir.2001) (no vindictive prosecution where prosecutor initially charged defendant under 8 U.S.C. § 1325, but charged under § 1326 after defendant refused to plead guilty).

Finally, the district court did not abuse its discretion by limiting defense counsel's cross examination of a customs inspector regarding his legal conclusions about whether Gonzales entered or attempted to enter the country. *Cf. United States v. Knigge,* 832 F.2d 1100, 1109 (9th Cir.1987) (district court properly limited cross examination on the meaning of "bribery" as calling for a legal conclusion), *amended by* 846 F.2d 591 (9th Cir.1988). **AFFIRMED.**